```
        IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

JODIE RIGGS d/b/a
THE SILVER SADDLE                                      PLAINTIFF

          v.          Civil No. 08-03058

VALLEY FORGE INSURANCE
COMPANY, INC.                                          DEFENDANT

### O R D E R

NOW on this 28th day of September 2009, comes on for consideration Defendant's **Motion for Summary Judgment as to Plaintiff's Violation of the Insurance Policy's Suit Limitations Provisions** (document #25), **Motion for Summary Judgment as to the Application of the Concealment, Misrepresentation or Fraud Provision** (document #28), **Motion for Summary Judgment as to Plaintiff's Claims for Bad Faith** (document #32), and Plaintiff's responses in opposition thereto (documents #38, 41, and 44). The Court, having reviewed said documents and all other matters of relevance before it, finds and orders as follows.

1. On September 3, 3008, Plaintiff Jodie Riggs ("Plaintiff"), commenced this lawsuit in the Circuit Court of Boone County, Arkansas, alleging that under a casualty and liability insurance policy provided by Defendant Valley Forge Insurance Company, Inc. ("Defendant") -- Valley Forge Insurance Company Policy of Insurance #1076761634 (the "Policy") -- she is entitled to insurance coverage

for a fire which destroyed her place of business on December 21, 2004.  On October 6, 2008, Defendant removed the instant action to this Court based on 28 U.S.C. § 1332, diversity of citizenship.

According to the complaint, the fire totally destroyed not only Plaintiff's place of business, but also her inventory and other assets allegedly covered under the Policy.

Plaintiff says that within thirty days following this loss, she properly notified Defendant and filed a proof of loss statement for the destruction of her property and business assets.  Plaintiff further says that Defendant has paid a portion of the total loss, but refuses to pay for the remaining amount of damages covered by the Policy.  Due to Defendant's alleged failure to fully pay the amount due under the Policy, Plaintiff has filed claims for breach of contract, common law bad faith, and statutory bad faith under Arkansas Code § 23-79-208.  Plaintiff seeks a judgment in excess of $270,000 for the remaining loss of her business inventory, personal effects, debris removal, loss of business income, and the temporary relocation of her business.

Defendant has filed three motions for summary judgment.  The Court will address each in turn.

2. The standard to be applied to a motion for summary judgment is set forth in Rule 56 of the Federal Rules of Civil Procedure and provides for the entry of summary judgment on a claim if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together

Case 3:08-cv-03058-JLH Document 61    Filed 09/28/09 Page 3 of 12 PageID #: 2852

> with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Carroll v. Pfeffer, 262 F.3d 847 (8th Cir. 2001); Barge v. Anheuser-Busch, Inc., 87 F.3d 256 (8th Cir. 1996). Summary judgment is to be granted only where the evidence is such that no reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). Accordingly, all evidence must be viewed in the light "most favorable to the non-moving party." F.D.I.C. v. Bell, 106 F.3d 258, 263 (8th Cir. 1997); see also Bailey v. United States Postal Service, 208 F.3d 652, 654 (8th Cir. 2000).

Where a movant makes and properly supports a motion for summary judgment, the opposing party may not rest upon the allegations or denials of its pleadings; rather, the non-movant must "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 256. The non-moving party must "make a sufficient showing on every essential element of its case for which it has the burden of proof at trial." Wilson v. Southwestern Bell Tel. Co., 55 F.3d 399, 405 (8th Cir. 1995).

3. Proceeding under the above-stated standard, the Court will first address Defendant's **Motion for Summary Judgment as to Plaintiff's Violation of the Insurance Policy's Suit Limitations Provisions** (document #25).

-3-

In its motion, Defendant argues that, because the Policy's suit limitations provision required Plaintiff to assert "any legal action" against it "within 2 years after the date on which the direct physical loss or damage occurred," Plaintiff's claims are untimely and legal action is now time-barred.

In response, Plaintiff says that she timely filed her complaint against Defendant within the five-year limitations period established under Arkansas Code § 16-56-111.  Plaintiff further contends that the two-year limitations period contained in the Policy is void and unenforceable under Arkansas Code § 23-79-202, which provides that: (1) claims arising under a policy of insurance on property or life may be brought at any time within the period prescribed by law for bringing actions on promises in writing and (2) "any stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void." Arkansas Code Ann. § 23-79-202(a),(b).

4.  The material, undisputed facts relating to this particular motion for summary judgment are as follows:

* Plaintiff Jodie Riggs is a citizen and resident of Boone County, Arkansas.

* Plaintiff is the sole and deeded owner of The Silver Saddle; a business organized and existing under the laws of the State of Arkansas.

* Defendant Valley Forge Insurance Company is an insurer that

is duly authorized to do business in the State of Arkansas.

* On or about September 1, 2004, Defendant issued Policy of Insurance, numbered 1076761634, to Plaintiff d/b/a The Silver Saddle.

* Among other terms and conditions, the Policy states: "Legal Action Against Us" – No one may bring a legal action against us under this insurance unless: (a) There has been full compliance with all of the terms of this insurance; and (b) The action is brought within 2 years after the date on which the direct physical loss or damage occurred.

* The Policy was in effect on December 21, 2004, when a fire caused certain physical loss and damage to Plaintiff's business.

* On or about September 3, 2008, Plaintiff commenced legal action against Defendant, based on the fire and loss that occurred on December 21, 2004.

5. Arkansas Code § 16-56-111(a) provides that actions to enforce written obligations, duties, or rights shall be commenced within five years after the cause of action accrues. Ark. Code Ann. § 16-56-111(a).  This statute "establishes a maximum, not a minimum" limitations period. Hawkins v. Heritage Life Ins. Co., 63 Ark.App. 67, 973 S.W.2d 823, 826 (Ark.App. 1998).  It is a well established rule in Arkansas that,

> parties are free to contract for a limitation period
> which is shorter than that prescribed by the applicable
> statute of limitations, so long as the stipulated time is
> not unreasonably short and the agreement does not

>    contravene some statutory requirement or rule based on public policy.

Ferguson v. Order of United Commercial Travelers of American, 307 Ark. 452, 455-56, 821 S.W.2d 30, 32-33 (Ark. 1991) (quoting City of Hot Springs v. National Surety Co., 531 S.W.2d 8, 10 (Ark. 1975)).[1]

    6. In the present case, the two-year limitation period gave Plaintiff sufficient opportunity to investigate her claim and prepare her case against Defendant. See Ferguson, 821 S.W.2d at 32-33 ("the stipulated period is not unreasonable if the time allowed affords a plaintiff sufficient opportunity to investigate his claim and prepare for the controversy"); see also City of Hot Springs, 531 S.W.2d at 10 (approving a two-year limitation period in a surety bond contract); Insurance Co. v. Brodie, 11 S.W. 1016 (Ark. 1889) (approving a six-month contractual limitation of action in an insurance policy). Thus, under applicable Arkansas law, the Court finds that the contractual limitations period of two years is not unreasonable and the statutory maximum period, as set forth in

---

[1] Plaintiff argues that the applicability of this rule, as set forth by the Arkansas Supreme Court in City of Hot Springs and Ferguson, is limited to insurance contracts involving fraternal benefit societies. This Court does not agree. The language used by the Arkansas Supreme Court is broad and not limited to certain types of insurers or contracts. See Hawkins v. Heritage Life Ins. Co., 973 S.W.2d 823, 826 ("We think that the law enunciated in Ferguson is that in the absence of a provision otherwise, there is a five-year limitation to bring actions on writings under seal. But clearly, parties in Arkansas have the right to contract for something less than the statutory five-year limitation period as long as the lesser filing period is reasonable").

Arkansas Code § 16-56-111(a), does not here prevail.

The Court further notes that the record contains no explanation for Plaintiff's delay in filing the instant action. Moreover, Plaintiff has made no attempt to show that the contractual limitation period is in contravention of public policy or was tolled.

Further, there is no indication that Defendant did anything to cause Plaintiff to delay or to prevent her from bringing her action within the contractual period. Defendant neither expressly nor impliedly waived the two-year limitation period.

Finally, the Court is not persuaded by the novel argument proffered by Plaintiff, attempting to void the contractual two-year limitations period through application of Arkansas Code § 23-79-202. Section 23-79-202(a) provides that, as to policies of insurance on property or life, actions may be maintained at any time *within the period prescribed by law* for bringing actions on promises in writing. See Arkansas Code Ann. § 23-79-202(b). "Any stipulation or provision in the policy or contract requiring the action to be brought within any shorter time or be barred is void." Id.

Plaintiff contends that the period prescribed by law for bringing actions on promises in writing is five years, under Arkansas Code § 16-56-111(a); therefore, the shortened contractual period here is void. While it is true that Section 16-56-111

establishes a five-year limitations period for contracts in writing, this provision only establishes a statutory *maximum*. Hawkins, 973 S.W.2d at 826.  Thus, the Court concludes that the contractual limitations period at issue comports with Section 23-79-202, because it is a period prescribed by law -- that is, it falls within the statutory five-year maximum and satisfies the reasonableness requirement as set forth by the Arkansas Supreme Court. See Ferguson, 821 S.W.2d at 32-33.

Based on the foregoing, the Court finds that Plaintiff's breach of contract claim is time-barred and should be dismissed with prejudice accordingly.

As to Plaintiff's statutory bad faith claim under Arkansas Code § 23-29-208, this is based on Defendant's alleged refusal to pay Plaintiff the full amount of economic damages covered under the Policy in a timely manner. See Complaint, Doc. 2 at 5-6.  Arkansas Code § 23-29-208 provides in pertinent part:

> In all cases in which *loss occurs* and the ... property ... insurance company *liable* therefore shall *fail to pay* the losses within the time specified in the policy after demand is made, the ... corporation ... shall be liable to pay the holder of the policy ... in addition to the amount of the loss, twelve percent (12%) damages upon the amount of the loss, together with all reasonable attorney's fees for the prosecution and collection of the loss.

Ark. Code Ann. § 23-29-208(a)(1) (emphasis added).  By the very terms of this statute, the gravamen of Plaintiff's claim is: the amount of loss, Defendant's failure to pay, and the liability of

Defendant for said losses.  These are the very issues raised in Plaintiff's breach of contract claim and foreclosed by the contractual limitations period.  The Court is, therefore, compelled to conclude that Plaintiff's statutory bad faith claim is similarly time-barred under the express language of the Policy -- as this is clearly an action on the Policy and has, as its central purpose, the procurement of policy benefits.  This claim should, therefore, be dismissed with prejudice.

   Regarding Plaintiff's remaining common law bad faith claim, it may be argued that this claim does not arise under the Policy, but is, rather, an independent cause of action based in tort law.  The question then presented is whether this claim should be time-barred under the Policy's contractual limitations period or proceed independently under the applicable Arkansas statute of limitations for such tort claims.  In the Court's view, Plaintiff has not alleged conduct on the part of Defendant sufficient to give rise to an independent or collateral cause of action -- thereby allowing Plaintiff to proceed outside the contractual limitations period. Nevertheless, the Court's examination of Arkansas case law was not instructive on this point.  Thus, without the guidance of Arkansas precedent on the matter, the Court will proceed in analyzing Plaintiff's bad faith tort claim on the merits and in view of Defendant's **Motion for Summary Judgment as to Plaintiff's Claims for Bad Faith** (document #32).

7. Plaintiff bases her bad faith tort claim upon:

* Defendant's waiver of the Policy's provision requiring Plaintiff to file a "sworn proof of loss";

* the subsequent delay in paying the limits available for losses under the Policy;

* delaying said payment because, unknown to Plaintiff, Defendant had classified the claim as "arson;"

* laying blame for the fire on Plaintiff; and

* repeated demands by Defendant for more information from Plaintiff, when she had furnished all the necessary information to support the claimed losses.

8. Assuming all of the above-listed facts as true and giving Plaintiff all favorable inferences, the Court finds that no jury applying Arkansas law could find that these action constituted bad faith.

Under Arkansas law, an insurance company's actions constitute bad faith only if they are "dishonest, malicious, or oppressive." Aetna Casualty & Surety Co. v. Broadway Arms Corp., 281 Ark. 128, 133, 664 S.W.2d 463, 465 (1984). Examples of cases where Arkansas courts have found substantial evidence of bad faith include:

> where an insurance agent lied by stating there was no insurance coverage; aggressive, abusive, and coercive conduct by a claims representative, which included conversion of the insured's wrecked car; and where a carrier intentionally altered insurance records to avoid a bad risk.

State Auto Property and Casualty Ins. Co. v. Swaim, 991 S.W.2d 555,

561 (Ark. 1999) (citations omitted). In each of these instances, the insurance company's state of mind was "characterized by hatred, ill will, or a spirit of revenge." Id. Mere negligence, bad judgment, mistake, confusion, and even the mere denial of a claim are insufficient to justify the imposition of bad faith. Stevenson v. Union Standard Ins. Co., 294 Ark. 651, 654, 746 S.W.2d 39, 40 (Ark. 1988).

In view of the foregoing law and the examples set forth of bad faith, the Court finds that Plaintiff's allegations of Defendant disputing claims, delaying payment, and characterizing the fire as arson do not rise to the level of egregiousness required to support Plaintiff's bad faith claims. See e.g., Southern Pine Helicopters, Inc. v. Phoenix Aviation Managers, Inc., 320 F.3d 838 (8th Cir. 2003) (disputing claims and delay in paying claims did not constitute bad faith); Cato v. Arkansas Municipal Health Benefit Fund, 285 Ark. 419, 688 S.W.2d 720 (Ark. 1985) (refusal to pay a disputed claim did not constitute tort of bad faith).

As a result, the Court finds that Defendant's **Motion for Summary Judgement as to Plaintiff's Claims for Bad Faith** (document #32) should be granted as to Plaintiff's common law bad faith claim.

In view of the foregoing disposition of Plaintiff's asserted claims, the Court need not and will not address Defendant's **Motion for Summary Judgment as to the Application of the Concealment,**

**Misrepresentation or Fraud Provision** (document #28).

**IT IS THEREFORE ORDERED** that Defendant's **Motion for Summary Judgment as to Plaintiff's Violation of the Insurance Policy's Suit Limitations Provisions** (document #25) should be, and it hereby is, **GRANTED** as to Plaintiff's breach of contract and statutory bad faith claims.

**IT IS FURTHER ORDERED** that Defendant's **Motion for Summary Judgement as to Plaintiff's Claims for Bad Faith** (document #32) should, and it hereby is, **GRANTED** as to Plaintiff's remaining common law bad faith claim.

Judgment for Defendant will be entered by separate document filed concurrently herewith.

**IT IS SO ORDERED.**

                                                  **/s/ Jimm Larry Hendren**
                                                  **JIMM LARRY HENDREN**
                                                  **UNITED STATES DISTRICT JUDGE**