IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON  DIVISION

**JODIE RIGGS**                                                                                                        **PLAINTIFF**

V.                              NO.  3-08-CV-3058-JLH

**VALLEY FORGE**
**INSURANCE COMPANY**                                                                        **DEFENDANT**

**O R D E R**

Before the court is the Plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 67) filed October 27, 2009.  The Defendant filed a Response in Opposition to the Motion (Doc. 70) on November 2, 2009 and the Plaintiff filed her Reply (Doc. 71) on November 13, 2009.  The matter was set for a hearing on November 30, 2009.

At the hearing the Jodie Riggs and Nancy Riggs both testified.  The Plaintiff acknowledged that she did not list the real or personal property of the Silver Saddle on her IFP application.  The Plaintiff acknowledged that she did receive about $600,000 from the Defendant as a result of the fire at the Silver Saddle but that she put that money back into the business known as the Silver Saddle. She stated that the real estate value of the Silver Saddle was about 300,000 and that there was a $100,000 mortgage on the property.  Karen Riggs testified that the mortgage was $175,000 but no mortgage documents were provided to the court.  Jodie Riggs testified that there was about $100,000 of inventory in the store but the value of the inventory was in question because the store had suffered water damage subsequent to the fire and as a result mold is now present in the property and may have affected the inventory.  Ms. Riggs could not put a salvage value on the inventory and no effort had been made to remove the inventory or

keep it from being damaged.  No proof of the alleged damage to the inventory was offered to the court other than the testimony of the Plaintiff and her mother.

Jodie Riggs also testified that she had a parcel of land that was owned free and clear that she thought was worth $35,000 but was going to try to sell for $50,000.  No definitive steps had been taken yet to sell the property.  Ms. Riggs also has about $20,000 in equity in her home.

The court believes that the Plaintiff does have sufficient assets to enable her to pay the required appeal filing fee and the Motion to Proceed IFP will be **DENIED.**

IT IS SO ORDERED this December 2, 2009.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES DISTRICT JUDGE