```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HARRISON DIVISION

JODIE RIGGS d/b/a
THE SILVER SADDLE                                       PLAINTIFF

           v.           Civil No. 08-03058

VALLEY FORGE INSURANCE
COMPANY, INC.                                           DEFENDANT
```

### O R D E R

NOW on this 1st day of June, 2010, comes on for consideration Defendant's **Motion for an Award of Costs** and Memorandum in Support (documents #63 & 64), Plaintiff's Response (document #66) and Defendant's Reply (document #69). The Court, having reviewed said documents and their attachments and all other matters of relevance before it, finds and orders as follows.

### PROCEDURAL BACKGROUND

    1.   On September 3, 3008, Plaintiff commenced this lawsuit in the Circuit Court of Boone County, Arkansas, alleging that under an insurance policy issued by Defendant she was entitled to insurance coverage for a fire which destroyed her place of business. Plaintiff asserted claims for breach of contract, common law bad faith, and statutory bad faith. Plaintiff sought damages in excess of $270,000 for her losses.

    2.   On October 6, 2008, Defendant removed the case to this Court based on 28 U.S.C. § 1332, diversity of citizenship.

3. Defendant filed three motions for summary judgment seeking dismissal of Plaintiff's claims.

**\* Motion for Summary Judgment as to Plaintiff's Violation of the Insurance Policy's Suit Limitations Provisions**:

Defendant argued that, because the Policy's suit limitations provision required Plaintiff to assert "any legal action" against it "within 2 years after the date on which the direct physical loss or damage occurred," Plaintiff's claims were untimely and legal action was now time-barred.  The Court agreed.

**\* Motion for Summary Judgment on Plaintiff's Bad Faith Claims**:

As to Plaintiff's statutory bad faith claim under Arkansas Code § 23-29-208, the Court found that this claim was based on Defendant's alleged refusal to pay Plaintiff the full amount of economic damages covered under the Policy in a timely manner.  The Court held that, because these were the very issues raised in Plaintiff's breach of contract claim and foreclosed by the contractual limitations period, the Court was compelled to conclude that Plaintiff's statutory bad faith claim was similarly time-barred under the express language of the Policy.  Regarding Plaintiff's remaining common law bad faith claim, the Court found that Plaintiff's allegations did not rise to the level of egregiousness required to support Plaintiff's bad faith claim under Arkansas law.

**\* Motion for Summary Judgment as to the Application of the Concealment, Misrepresentation or Fraud Provision**:

In view of the foregoing disposition of Plaintiff's asserted claims, the Court determined that it did not need to address Defendant's third motion.

4.   On September 28, 2009, the Court entered an Order (document #61) granting Defendant's summary judgment motions as to Plaintiff's Violation of the Insurance Policy's Suit Limitations Provisions and Bad Faith.  On the same day, the Court entered a Judgment (document #62) dismissing Plaintiff's Complaint with prejudice.

5.   On October 13, 2009, Defendant filed a Motion for an Award of Costs pursuant to Rule 54 of the Federal Rules of Civil procedure and 28 U.S.C §1920.  Specifically, Defendant seeks an award of the following costs:

```
Fees of the Clerk:                                          $350.00
Fees for service of summons and subpoena:                    400.00
Fees of the court reporter for all or part
    of the transcript necessarily obtained
    for use in the case:[1]                              15,883.49
Fees and disbursements for printing:                         963.05
Fees for witnesses:                                          125.00
Fees for exemplifications and copies
    of papers necessarily obtained for use in the case: 1,224.92
Docket Fees under 28 U.S.C. 1923:                              -0-
Costs as shown on Mandate of Court of Appeals:                 -0-
Compensation of court-appointed experts:                       -0-
```

---

[1]   This amount includes travel, deposition and transcript costs.

```
Compensation of interpreters and costs of
    special interpretation services under 28 USC 1828:    -0-
Other costs:²                                         2,278.08
```

**Total**                                                 **$21,225.54**

6.   On October 19, 2009, Plaintiff's counsel filed a Motion to Withdraw, citing communications by Plaintiff's mother with the attorneys for the Defendant.  On October 26, 2009, the Court granted counsel's motion to withdraw.  Plaintiff is now proceeding *pro se* in this matter.

7.   On October 26, 2009, Plaintiff filed a Response (document #66) to Defendant's Motion for an Award of Costs in which Plaintiff agrees that Defendant was the prevailing party, but disagrees with the amount of costs that Defendant seeks.  Plaintiff asserts that the $21,225.54 is excessive and that Plaintiff has not had any access to any supporting documentation, memorandums, affidavits, invoices or the bill of costs cited in Defendant's motion. Defendant points out in its Reply that all of its filings and supporting documentation have been filed with the Court's ECF Pacer System and, thus, have been made available to Plaintiff.

8.   On October 27, 2009, Plaintiff filed a Notice of Appeal seeking review of the Court's Order and Judgment entered on September 28, 2009 (Documents #61, #62).  There had been no ruling on Defendant's Motion for Costs at the time Plaintiff filed her

---

    ²   This amount is comprised of travel costs for client meetings and court appearances.

Notice of Appeal.  Thus, the award of costs to Defendant was not a subject of Plaintiff's Notice of Appeal.

Before the Court can review the merits of Defendant's Motion for Costs, the Court must first determine whether it has jurisdiction to do so.  The Court now turns to that issue.

## LEGAL ANALYSIS

9.   The Eighth Circuit Court of Appeals has held that, generally speaking, "[o]nce appealed, issues before an appellate court should not be undermined or altered."  *Liddell v. Board of Educ. of St. Louis,* 73 F.3d 819, 822 (8th Cir. 1996).  Further, once a notice of appeal is filed, "[s]ubsequent proceedings in the district court are ordinarily ineffective."  *Id.*

> As a general rule:
>
> a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.  The filing of a notice of appeal is an event of jurisdictional significance --it confers jurisdiction  on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.

*Id.; see also  United States v. Queen*, 433 F.3d 1077-78 (8th Cir. 2006) (holding that a notice of appeal divests the lower court of jurisdiction "over aspects of the case that are the subject of the appeal.").

10.  Under the timing of the Rules of Civil and Appellate Procedure, there is a short time period during which a district court has the opportunity to rule on a motion for costs.  Indeed,

under Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, a party has 14 days after the entry of judgment to file a motion for costs.  Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, a party has 30 days after the entry of judgment to file a notice of appeal.  Thus, depending on when a motion for costs is filed and whether there are objections thereto, a district court may not have an opportunity to rule on a motion for costs before a notice of appeal is filed.

  11.  Accordingly, courts have held that, when an award of costs are not the subject of the appeal, a district court may tax costs pursuant to Rule 54 after a notice of appeal has been filed.  *See, e.g., Lorenz v. Valley Forge Ins. Co.,* 23 F.3d 1259, 1260 (7th Cir. 1994) (holding that a district court may award costs even while the substantive appeal is pending); *Rothenberg v. Sec. Mgmt. Co., Inc.,* 677 F.2d 64, 64-65 (11th Cir. 1982); (holding "[i]t is well settled in this circuit that costs may be taxed after a notice of appeal has been filed); *McCabe v. Mais,* 2009 U.S. Dist. LEXIS 20717, at *2-3 (N.D. Iowa Mar. 16, 2009) (holding that because award of costs was not subject of notice of appeal the court retained jurisdiction to award costs even while substantive appeal was pending); *Thompson v. United Transp. Union*, 2009 U.S. Dist. LEXIS 14135, at *5 (N.D. Iowa  Jan. 26, 2009) (holding that court can review the clerk's award of costs, make an award of costs and

render final judgment upon the Bill of Costs while appeal is pending).

12. The 1993 Advisory Committee Notes to Rule 54 suggest that, in this situation, a district court has three alternatives. The Advisory Committee states as follows:

> [i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

13. The Court believes that the most cautious and judicially efficient approach in this case is to deny Defendant's motion without prejudice pending the outcome of the appeal in this matter.

For the foregoing reasons, the Court finds that Defendant's **Motion for an Award of Costs** (document #63) should be and hereby is **DENIED WITHOUT PREJUDICE.**  Defendant has fourteen (14) days from the entry of the Court of Appeal's decision to re-file its Motion for an Award of Costs in this case.

**IT IS SO ORDERED** this 1st day of June, 2010.

**/s/ Jimm Larry Hendren**  
**JIMM LARRY HENDREN**  
**UNITED STATES DISTRICT JUDGE**
