```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                  HARRISON DIVISION
```

JODIE RIGGS d/b/a
THE SILVER SADDLE                                      PLAINTIFF

        v.            Civil No. 08-03058

VALLEY FORGE INSURANCE
COMPANY, INC.                                          DEFENDANT

## O R D E R

NOW on this 11th day of July, 2011, comes on for consideration Defendant's **Renewed Motion for an Award of Costs** (Doc. 84), Plaintiff's response thereto (Doc. 87) and Defendant's reply (Doc. 88). The Court, being well and sufficiently advised, finds and orders as follows:

    1.  On September 3, 3008, Plaintiff commenced this lawsuit in the Circuit Court of Boone County, Arkansas, alleging that, under an insurance policy issued by Defendant, she was entitled to insurance coverage for a fire that destroyed her place of business. Plaintiff asserted claims for breach of contract, common law bad faith, and statutory bad faith. Plaintiff sought damages in excess of $270,000 for her losses.

    2.  On October 6, 2008, Defendant removed the case to this Court based on 28 U.S.C. § 1332, diversity of citizenship.

    3.  Defendant filed three motions for summary judgment seeking dismissal of Plaintiff's claims.

    4.  On September 28, 2009, the Court entered an Order (Doc. 61) granting Defendant summary judgment and the Court entered a

Judgment (Doc. 62) dismissing Plaintiff's Complaint with prejudice. Specifically, the Court found that Plaintiff's breach of contract claims and statutory bad faith claims were barred by the statute of limitations, and that Plaintiff failed to state a claim for common law bad faith under Arkansas law.

5. On October 13, 2009, Defendant filed a Motion for an Award of Costs pursuant to Rule 54 of the Federal Rules of Civil procedure and 28 U.S.C § 1920.

6. On October 19, 2009, Plaintiff's counsel filed a Motion to Withdraw, citing communications by Plaintiff's mother with the attorneys for the Defendant. On October 26, 2009, the Court granted counsel's motion to withdraw. Plaintiff is now proceeding *pro se* in this matter.

7. On October 26, 2009, Plaintiff filed a Response to Defendant's Motion for an Award of Costs (Doc. 66) in which Plaintiff agreed that Defendant was the prevailing party, but she disagreed with the amount of costs that Defendant seeks.

8. On October 27, 2009, Plaintiff filed a Notice of Appeal, seeking review of the Court's Order and Judgment entered on September 28, 2009 (Docs. 61 and 62). Thereafter, the Court denied Defendant's motion for costs without prejudice pending the outcome of the appeal. (*See* Doc. 79).

9. On December 14, 2010, the Eighth Circuit issued its appeal in this matter affirming this Court. The mandate was issued on February 11, 2011.

10. On February 18, 2011, Defendant filed its Renewed Motion for an Award of Costs to which Plaintiff has filed her response. The motion is ripe for the Court's consideration.

11. Taxation of costs is governed by F.R.C.P. 54(d), 28 U.S.C. § 1920 and case law. "There is a presumption that the prevailing party is entitled to costs," however, the district court enjoys substantial discretion in awarding costs. *Bathke v. Casey's Gen. Stores*, 64 F.3d 340, 347 (8th Cir. 1995); *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006).

12. Rule 54(d) does not give a court the discretion simply to tax whatever costs it deems appropriate. Recoverable costs are defined and limited by the list set out in 28 U.S.C. § 1920, and the Court is bound by that list. Specifically, § 1920 authorizes taxation of the following items of costs:

* fees of the clerk and marshal;

* fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

* fees for printing and witnesses;

* fees for exemplification and the costs of making copies of material necessarily obtained in the case;

* docket fees; and

* compensation of court appointed experts and interpreters.

Of these categories, Defendant seeks the following costs:

```
Fees of the Clerk:                                              $350.00
Fees for service of summons and subpoena:                        400.00
Fees of the court reporter for all or part
    of the transcript necessarily obtained
    for use in the case:                                      15,883.49
Fees and disbursements for printing:                             963.05
Fees for witnesses:                                              125.00
Fees for exemplifications and copies
    of papers necessarily obtained for use in the case:        1,224.92
Docket Fees under 28 U.S.C. 1923:                                   -0-
Costs as shown on Mandate of Court of Appeals:                      -0-
Compensation of court-appointed experts:                            -0-
Compensation of interpreters and costs of
    special interpretation services under 28 U.S.C 1828:           -0-
Other costs:                                                   2,279.08
```

**Total**                                                **$21,225.54**

13. In her response, Plaintiff objects to the motion on the grounds that Defendant made "false statements" and "out and out lies" to the Eighth Circuit that resulted in that court making an "erroneous ruling" on her appeal. Further, plaintiff argues that the appellate court "did not make any ruling on any of the valid issues in the Plaintiff's Appeal." (Doc. 87).

While Plaintiff may disagree with the Eighth Circuit's opinion, the Eighth Circuit rendered a valid ruling in this case and Defendant is the prevailing party.

Plaintiff also objects that Defendant seeks costs that are "excessive, unrelated, unnecessary, nonallowed and unacceptable." These are pertinent objections and the Court will now turn to the specific costs that Defendant seeks -- although not in the order presented in the Bill of Costs.

 \* **Fees of the Clerk**

Defendant seeks the recovery of the $350 filing fee paid to the Clerk with its Notice of Removal. Courts have held that the removal fee is a taxable "fee of the clerk" under 28 U.S.C. § 1920(1) and is recoverable. *See, e.g., Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir. 1998); *Chism v. New Holland N. Am., Inc.*, 2010 U.S. Dist. LEXIS 57642 at \*7 (E.D. Ark. May 13, 2010) (collecting cases). Accordingly, recovery of this fee will be allowed.

 \* **Fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case**

Defendant seeks to recover $15,883.49 for the transcript fees from seventeen depositions as well as the travel expenses its attorneys incurred (airfare, lodging, meals, etc.) in taking these depositions. Specifically, Defendant seeks to recover $6,374.85 for transcript fees and $9,508.64 for travel expenses.

Transcript fees from depositions can be taxed provided the depositions "were reasonably necessary to the case and were not purely investigative in nature." *Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975). For example, the Eighth Circuit has affirmed the award of transcript fees when the deposition was employed on a successful motion for summary judgment. *See Bathke*, 64 F.3d at 347.

In its motion, Defendant asserts that it was necessary to take the seventeen depositions because Plaintiff identified the persons

deposed as persons who had knowledge about the claims in her case, but she did not disclose what knowledge they had.

The Court has reviewed Plaintiff's discovery responses but was unable to find therein that Plaintiff identified all seventeen people deposed as persons with knowledge in this case. Even if, nevertheless, plaintiff otherwise did so -- that, alone, would not necessitate the taking of each person's deposition as there are other less expensive ways of discovering what a person may or may not know about the facts of a case.

The only depositions on which Defendant relied in supporting its summary judgment motions were those of the Plaintiff, Keith Parker, Nancy Riggs and Mikel Carter. Thus, the Court concludes that the remaining depositions were not reasonably necessary to the case, but were essentially investigative in nature. This conclusion is further supported by the fact that Plaintiff's breach of contract claims and statutory bad faith claims were dismissed as being barred by statute of limitations -- the application of which statute was established by Defendant through citations to the insurance policy at issue and Arkansas case law. Thus, with the possible exception of Plaintiff's deposition, none of the depositions were necessary to resolve that issue.

Therefore, the Court will allow the recovery of the transcript fees for the depositions of Plaintiff, Nancy Riggs, Keith Parker and Mikel Carter, as those depositions were employed by Defendant

in supporting its summary judgment motions. The remaining transcript fees will not be allowed as those depositions were investigative in nature. The total amount allowed is $2,544.20.[1]

**\* Travel Expenses**

Defendants seek reimbursement for their travel expenses associated with taking depositions in the case. The Court first notes that most of the depositions were taken in Harrison, Arkansas which is within the Western District of Arkansas. The depositions of Plaintiff and Nancy Riggs were taken in Marshall, Arkansas -- which is also in the Western District of Arkansas. Finally, the deposition of Bill Inhofe was taken in Muskogee, Oklahoma -- which, although not in the Western District of Arkansas, is only about 175 miles from Harrison.

"Barring exceptional circumstances, an attorney's traveling expenses in connection with the taking of depositions are not taxable costs." *Evans v. Fuller*, 94 F.R.D. 311, 314 (W.D. Ark. 1982)(J. Waters).

There is no showing of what would appear to be exceptional circumstances in this case. It was Defendant's choice to hire attorneys from Chicago, Illinois, to defend it in this matter thus

---

[1] The Court arrives at this amount as follows:

$1,475.40 - for the deposition of Plaintiff
$  538.80 - for the depositions of Nancy Riggs at Mikel Carter (148 pages at $3.10 per page plus $80 appearance fee)
$530.00 - for the deposition of Keith Parker (96 pages at $5.00 per page plus a $50 appearance fee)

creating the need for it to incur the cost for their having to travel to the Western District of Arkansas to take the depositions of witnesses located in this District or very nearby.  While the Defendant, of course, had the right to employ out of state counsel for its representation in this case, the exercise of that right cannot be permitted to create an "exceptional circumstance" which would create a taxable cost to be paid by its opponent.  The Court is not willing to shift those costs to the Plaintiff.

\*      **Fees for witnesses**

Defendant seeks to recover $400 for costs allegedly associated with serving deposition subpoenas.

However, based upon its review of the supporting documentation supplied, the Court believes that Defendant is actually seeking reimbursement for the $40 witness fee it paid to ten witnesses and the $125 witness fee it paid to an eleventh witness.  The ten witnesses are:

```
Orville D. McGarrah
Hannah Hearn
Frank Villines
Jeff Hearn
Shane Bridges
Bill Inhofe
Pat Pike
Ron Ash
Burt Daniels
Mikel Carter
```

The eleventh witness is one Keith Parker to whom Defendant paid a witness fee of $125.  From the records submitted to the

Court, it appears that Mr. Parker's deposition was taken in Harrison, Arkansas.

Under 28 U.S.C. § 1821, a witness shall be paid a $40 attendance fee as well as mileage for traveling to and from the deposition. The Court presumes that Mr. Parker's $125 fee includes travel expenses for attending the deposition.

In determining whether to award witness fees as taxable costs, "[a] major factor that the judge must weigh is . . .whether the testimony of the witness was relevant and material to an issue in the case and reasonably necessary to its disposition." Wright, Miller & Kane *Federal Practice and Procedure: Civil 3d* § 2678.

As set forth above, of the people paid a witness fee for attending a deposition, only Mikel Carter's and Keith Parker's depositions were actually used in supporting the summary judgment motions in this case. Accordingly, the Court finds that only those witness fees are reasonably taxable as costs in this case. Therefore, the Court will allow Defendant witness fees in the amount of $165.00.

\*   **Fees and disbursements for printing** and **Fees for exemplification and copies of papers necessarily obtained for use in the case** -

Defendant seeks to recover its photocopy costs paid to the following vendors:

Patterson Law Firm (Plaintiff's attorney)     $314.10

| | |
|---|---|
| Harrison Police Department | $11.75 |
| Bank of the Ozarks | $100.00 |
| Loop Legal | $537.20 |

In addition, Defendant seeks to recover for the in-house copying expenses its attorneys charged (12,098 pages at $.10 per page) and an additional $15.12 for outside copying expenses. The total amount Defendant seeks is $2,187.87. Defendant asserts that it "necessarily incurred these claimed costs to research and review Plaintiff's evolving claims and documents" and specifically points the Court to the fact that there were eight different written discovery requests, responses and document productions exchanged by the parties, as well as multiple discovery motions and three summary judgment motions -- all of which necessitated the copying charges.

"Copy and exemplification fees may be awarded if the fees were incurred for items 'necessarily obtained' for use in the case." *Marmo,* 457 F.3d at 763. In determining whether a photocopy expense is necessary, this Court "enjoys discretion," but "[w]hen an expense is a taxable cost, however, there is a strong presumption that a prevailing party shall recover it in full measure." *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation marks and citations omitted).

Plaintiff objects to the amount of copying charges as "a bad joke," but she does not put forward any specific reason why the

copying costs sought by Defendant are unreasonable. As the losing party, Plaintiff "bears the burden of making the showing that an award is inequitable under circumstances." *Concord Boat*, 309 F.3d at 498. Plaintiff has not met her burden, and the Court finds that Defendant's copying costs are recoverable.

**\*    Other costs**

Defendant seeks $2,279.08 in expenses incurred by its attorneys in traveling to meet with a witness, Cindy Dowies, as well as for travel to Fayetteville, Arkansas, for a settlement conference with the Magistrate Judge. These costs are not specified by § 1920 as recoverable costs and they will not be allowed.

**IT IS THEREFORE ORDERED** that Defendant's **Renewed Motion for an Award of Costs** (Doc. 84) is hereby **GRANTED IN PART, and DENIED IN PART**. Defendant is hereby awarded costs as against Plaintiff in the amount of $5,247.07.

**IT IS SO ORDERED.**

        **/s/ Jimm Larry Hendren**
        **JIMM LARRY HENDREN**
        **UNITED STATES DISTRICT JUDGE**